# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## KANSAS CITY DISTRICT

| | |
|---|---|
| MUDDY WATER FARMS, LLC<br>1320 265th Street<br>Fort Scott, KS 66701-1807<br><br>    Plaintiff,<br><br>vs.<br><br>DEERE & COMPANY<br>Serve:  The Corporation Company, Inc.<br>112 SW 7th Street<br>Suite 3C<br>Topeka, KS 66603<br><br>    Defendant. | Case No.: |

## COMPLAINT

COMES NOW Muddy Water Farms, LLC ("Plaintiff"), by and through the undersigned counsel, and for its causes of action against Deere & Company ("Defendant"), states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a Kansas Limited Liability Company whose State of Organization is Kansas. Two members of the Limited Liability Company reside in Kansas and the third member resides in Minnesota. Plaintiff is the owner of a John Deere 8345 Tractor; PIN: 1RW8345REED093708 (the "Subject Tractor").

2. Defendant is a foreign corporation that conducts business within the State of Kansas with its State of Organization in Delaware, and its home office located at One John Deere Place, Moline, IL 61265, and a registered agent and registered office of The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS 66603.

1

3.  Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over the claims asserted herein because there is complete diversity between the parties and the Plaintiff's claims seek damages in excess of $75,000.00, exclusive of interest and costs.

4.  Venue is proper in this district under 28 U.S.C. 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district that a substantial part of the property that is the subject of this action is situated in this district.

## FACTS RELEVANT TO ALL COUNTS

5.  All prior paragraphs are incorporated by reference.

6.  On or about September 3, 2020, Plaintiff purchased the Subject Tractor manufactured and/or distributed by Defendant, from Heritage Tractor, Inc. located in Pittsburg, Kansas.

7.  Defendant expressly and/or impliedly warranted that Defendant will replace, at its option, any component part found to be defective in material or workmanship and that the Subject Tractor was fit for its intended purpose.

8.  Plaintiff relied on the fact that the Subject Tractor came with the aforementioned express and/or implied warranty and that the Subject Tractor was free from defects when taking possession of the same.

9.  On or about July 27, 2021, the Subject Tractor, while being properly operated in a field near Fulton, Kansas, started on fire.

10. As a result of the fire, the Subject Tractor and other personal property owned by Plaintiff were destroyed.

11. Defendant was formally notified of the fire on or about August 11, 2021.

12. Defendant participated in the joint inspection of the Subject Tractor on September 23, 2021.

## COUNT I – PRODUCTS LIABILITY

13. Plaintiff incorporates by reference all the above paragraphs.

14. The Subject Tractor was in a defective and unreasonably dangerous condition at the time it was manufactured by Defendant and at the time it left Defendant's possession and was purchased by Plaintiff.

15. The Subject Tractor was defective and unreasonably dangerous due to one or more of the following defects or conditions:

   a. Designing the Subject Tractor in a defective manner which caused a fire in the Subject Tractor, subjecting Plaintiff's property to an unreasonable risk of fire.

   b. Designing and manufacturing defective and hazardous components within the Subject Tractor which caught fire, damaging Plaintiff's personal property.

   c. Failing to use ordinary care in designing the Subject Tractor to be reasonably safe by eliminating defective and hazardous conditions which could cause fires.

   d. Selling the Subject Tractor with defective and hazardous components which it knew, or should have known, created an unreasonable risk of failure and fire, subjecting Plaintiff's property to an unreasonable risk of fire.

   e. Providing a machine that contained a defective speed-drive bearing.

    f. Failing to perform appropriate inspection, testing, hazard analysis and quality assurance analysis of the components of the Subject Tractor, which inspection, testing and/or analysis would have revealed that the components were defective and hazardous and created an unreasonably dangerous condition, subjecting Plaintiff's property to an unreasonable risk of fire.

    g. Failing to warn of the unreasonable risk of fire.

    h. Otherwise failing to use due care in designing, engineering, manufacturing, assembling, inspecting, testing, selling, distributing and supplying the Subject Tractor.

16. At the time of the fire, the Subject Tractor was being used in the manner for which it was designed, manufactured, marketed, supplied and distributed.

17. As of the date of the fire, the useful safe life of the Subject Tractor had not yet expired.

18. The Subject Tractor was unfit for its intended purpose due to the fact that the Subject Tractor could catch fire during normal operating conditions, making the Subject Tractor unreasonably dangerous and creating an unreasonable risk of fire.

19. As a direct and proximate result of the Subject Tractor's defective and unreasonably dangerous condition, Plaintiff suffered damages in excess of $75,000.00 to its real and personal property, including the total loss of the Subject Tractor.

## COUNT II - NEGLIGENCE

20. Plaintiff hereby incorporates by reference all the above paragraphs.

21. Defendant designed, engineered, manufactured, assembled, inspected and tested the Subject Tractor.

22. At all times relevant hereto, Defendant owed Plaintiff a duty to exercise reasonably prudent and ordinary care in the designing, engineering, manufacturing, assembling, inspecting and testing of the Subject Tractor.

23. Defendant violated these duties by negligently designing, engineering, manufacturing, assembling, inspecting and/or testing the Subject Tractor. Defendants' negligent acts or omissions include, but are not limited to:

    a. Designing the Subject Tractor in a defective manner which caused a fire in the Subject Tractor, subjecting Plaintiff's property to an unreasonable risk of fire.

    b. Designing and manufacturing defective and hazardous components within the Subject Tractor which caught fire, damaging Plaintiff's personal property.

    c. Failing to use ordinary care in designing the Subject Tractor to be reasonably safe by eliminating defective and hazardous conditions which could cause fires.

    d. Selling the Subject Tractor with defective and hazardous components which it knew, or should have known, created an unreasonable risk of failure and fire, subjecting Plaintiff's property to an unreasonable risk of fire.

    e. Providing a machine that contained a defective speed-drive bearing.

    f. Failing to perform appropriate inspection, testing, hazard analysis and quality assurance analysis of the components of the Subject Tractor, which inspection, testing and/or analysis would have revealed that the components

     were defective and hazardous and created an unreasonably dangerous condition, subjecting Plaintiff's property to an unreasonable risk of fire.

  g. Failing to warn of the unreasonable risk of fire.

  h. Otherwise failing to use due care in designing, engineering, manufacturing, assembling, inspecting, testing, selling, distributing and supplying the Subject Tractor.

24. Defendant knew, or should have known, that the components of the Subject Tractor created an unreasonably dangerous and hazardous condition due to the possibility of failure and fire.

25. The unreasonably dangerous and defective nature of the components of the Subject Tractor were not open or obvious to Plaintiff, and were not observable by ordinary customers, such as Plaintiff.

26. It was foreseeable that the Subject Tractor would be used in the way and for the purpose for which it was being used at the time of the fire.

27. As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages in excess of $75,000.00 to its real and personal property, including the total loss of the Subject Tractor.

## COUNT III – BREACH OF EXPRESS AND/OR IMPLIED WARRANTIES

28. Plaintiff hereby incorporates by reference all above paragraphs.

29. In furtherance of the sale of the Subject Tractor, Defendant expressly and/or impliedly warranted, inter alia, that it would replace, at its option, any unit found to be defective in material or workmanship and that the Subject Tractor be fit for its intended purpose.

30. Plaintiff relied on the existence of the aforementioned express and/or implied warranty and that the machine would be free from defects causing an unreasonable risk of fire.

31. In marketing, advertising, designing, engineering, manufacturing, assembling, inspecting, testing, selling, distributing and supplying the Subject Tractor, Defendant expressly and/or impliedly warranted that the Subject Tractor was safe and adequate for its ordinary and intended use and purpose.

32. Defendant breached the above expressed and/or implied warranties in one or more of the following respects:

    a. Designing the Subject Tractor in a defective manner which caused a fire in the Subject Tractor, subjecting Plaintiff's property to an unreasonable risk of fire.

    b. Designing and manufacturing defective and hazardous components within the Subject Tractor which caught fire, damaging Plaintiff's personal property.

    c. Failing to use ordinary care in designing the Subject Tractor to be reasonably safe by eliminating defective and hazardous conditions which could cause fires.

    d. Selling the Subject Tractor with defective and hazardous components which it knew, or should have known, created an unreasonable risk of failure and fire, subjecting Plaintiff's property to an unreasonable risk of fire.

    e. Providing a machine that contained a defective speed-drive bearing.

    f. Failing to perform appropriate inspection, testing, hazard analysis and quality assurance analysis of the components of the Subject Tractor, which

inspection, testing and/or analysis would have revealed that the components were defective and hazardous and created an unreasonably dangerous condition, subjecting Plaintiff's property to an unreasonable risk of fire.

g. Failing to warn of the unreasonable risk of fire.

h. Otherwise failing to use due care in designing, engineering, manufacturing, assembling, inspecting, testing, selling, distributing and supplying the Subject Tractor.

33. Each of the above-referenced acts and omissions, solely or in culmination with others, constitutes a breach of the aforesaid express and/or implied warranties.

34. As a result of Defendant's breach of the aforesaid express and/or implied warranties, Plaintiff suffered damages in excess of $75,000.00 to its real and personal property, including the total loss of the Subject Tractor.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant in the amount in excess of $75,000.00, plus reasonable attorney's fees, court costs, prejudgment interest and such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff and hereby demands a jury trial in Kansas City, Kansas on all issues herein.

Respectfully submitted,

**GATES SHIELDS FERGUSON SWALL HAMMOND, P.A.**

By:   */s/ Court T. Kennedy*
      Court T. Kennedy KS#22067
      10990 Quivira, Suite 200
      Overland Park, KS  66210
      Telephone: 913.661.0222
      Fax: 913.491.6398
      ckennedy@gatesshields.com

      *ATTORNEYS FOR PLAINIFF*

9